John C. Rake, WSBA #48910
Jrake@lvklaw.com
LARKINS VACURA KAYSER LLP
121 SW Morrison St., Suite 700
Portland, OR 87204
Telephone: 503-222-4424

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

AT YAKIMA

| | |
|---|---|
| CHET MICHAEL WILSON,<br>Individually and on behalf of all others similarly situated<br><br>Plaintiff;<br><br>v.<br><br>YAKIMA VALLEY FARM WORKERS CLINIC.<br><br>Defendant. | Case No. 1:26-CV-03003-SAB<br><br>**YAKIMA VALLEY FARM WORKERS CLINIC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE CLASS ACTION COMPLAINT** |

Defendant Yakima Valley Farm Workers Clinic ("YVFWC") hereby admits, denies, or otherwise responds to the allegations in the Class Action Complaint filed by Plaintiff Chet Michael Wilson as follows:

1.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph.

2.

Deny.

3.

YVFWC admits only that as a healthcare provider, it places outbound calls using recorded messages regarding patient prescription notifications and other healthcare treatments. Unless expressly admitted, YVFWC denies the remaining allegations in this paragraph.

**Jurisdiction and Venue**

4.

Admit.

5.

Admit.

6.

YVFWC admits only that in connection with the provision of healthcare to its patients, it directed recorded messages be made to (541)-XXX-9999 from Grant County, Washington. Unless expressly admitted, YVFWC denies the remaining allegations in this paragraph.

**Parties**

7.

YVFWC lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly, denies the allegations in this Paragraph on this basis.

8.

YVFWC lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly, denies the allegations in this Paragraph on this basis.

9.

Admit.

10.

Admit.

11.

YVFWC admits only that as a healthcare provider, it places outbound calls using recorded

messages regarding patient prescription notifications and other healthcare treatments. Unless expressly admitted, YVFWC denies the remaining allegations in this paragraph.

**Factual Allegations**

12.

YVFWC lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly, denies the allegations in this Paragraph on this basis.

13.

YVFWC admits only that as a healthcare provider, it placed two calls to telephone number (541) XXX-9999 in April 2024, for the purpose of providing prescription notifications to its patient. Unless expressly admitted, YVFWC denies the remaining allegations in this paragraph.

14.

YVFWC admits only that as a healthcare provider, it placed two calls to telephone number (541) XXX-9999 in April 2024, for the purpose of providing prescription notifications to its patient. Unless expressly admitted, YVFWC denies the remaining allegations in this paragraph.

15.

YVFWC admits only that as a healthcare provider, it placed two calls to telephone number (541) XXX-9999 in April 2024, for the purpose of providing prescription notifications to its patient. Unless expressly admitted, YVFWC denies the remaining allegations in this paragraph.

16.

YVFWC admits only that as a healthcare provider, it placed two calls to telephone number (541) XXX-9999 in April 2024 using an artificial or prerecorded voice, for the purpose of providing prescription notifications to its patient. Unless expressly admitted, YVFWC denies the remaining allegations in this paragraph.

17.

YVFWC admits only that as a healthcare provider, it placed two calls to telephone number (541) XXX-9999 on April 10, 2024 using recorded messages, for the purpose of providing

prescription notifications to its patient. Unless expressly admitted, YVFWC denies the remaining allegations in this paragraph.

18.

YVFWC admits only that as a healthcare provider, it placed two calls to telephone number (541) XXX-9999 on April 10, 2024 using recorded messages, for the purpose of providing notifications to its patient. Each call was made regarding separate prescriptions. Unless expressly admitted, YVFWC denies the remaining allegations in this paragraph.

19.

YVFWC admits only that as a healthcare provider, it placed two calls to telephone number (541) XXX-9999 on April 10, 2024 using recorded messages, for the purpose of providing notifications to its patient. Each call was made regarding separate prescriptions. Unless expressly admitted, YVFWC denies the remaining allegations in this paragraph.

20.

YVFWC lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly, denies the allegations in this Paragraph on this basis.

21.

Admit.

22.

Admit.

23.

Admit.

24.

YVFWC lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly, denies the allegations in this Paragraph on this basis.

25.

YVFWC admits only that as a healthcare provider, it voluntarily placed two calls to

telephone number (541) XXX-9999 on April 10, 2024, for the purpose of providing notifications to its patient. Unless expressly admitted, YVFWC denies the remaining allegations in this paragraph.

26.

YVFWC admits only that as a healthcare provider, it voluntarily placed two calls to telephone number (541) XXX-9999 on April 10, 2024, for the purpose of providing notifications to its patient. Unless expressly admitted, YVFWC denies the remaining allegations in this paragraph.

27.

YVFWC admits only that as a healthcare provider, it had knowledge that recordings were being used in connection with phone calls made to telephone number (541) XXX-9999 on April 10, 2024, for the purpose of providing notifications to its patient. Unless expressly admitted, YVFWC denies the remaining allegations in this paragraph.

28.

YVFWC lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly, denies the allegations in this Paragraph on this basis.

29.

YVFWC lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly, denies the allegations in this Paragraph on this basis.

30.

YVFWC admits only that as a healthcare provider, it places outbound calls using recorded messages regarding patient prescription notifications and other healthcare treatments. Unless expressly admitted, YVFWC denies the remaining allegations in this paragraph.

**Class Action Allegations**

31.

The allegations in this Paragraph contain legal conclusions to which no response is

required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

32.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

33.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

34.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

35.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

36.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

37.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

38.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

39.

YVFWC admits only that Plaintiff did not have an account in collections with YVFWC. YVFWC denies the existence of a "class" or that any class should be certified in this case. Unless expressly admitted, YVFWC denies the remaining allegations in this paragraph.

40.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

41.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

42.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

43.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

44.

The allegations in this Paragraph contain legal conclusions to which no response is

required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

45.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

46.

YVFWC lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly, denies the allegations in this Paragraph on this basis.

47.

YVFWC lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly, denies the allegations in this Paragraph on this basis.

48.

YVFWC lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly, denies the allegations in this Paragraph on this basis.

49.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

50.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph and each of its subparagraphs. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

51.

The allegations in this Paragraph contain legal conclusions to which no response is

required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

52.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

53.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

54.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

55.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

56.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

57.

The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, YVFWC denies the allegations in the Paragraph. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

58.

YVFWC lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly, denies the allegations in this Paragraph on this basis. YVFWC further denies the existence of a "class" or that any class should be certified in this case.

59.

Deny.

## Count I

## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

60.

YVFWC incorporates its responses to each Paragraph above as if fully herein.

61.

Deny.

62.

Deny.

### Answer to Prayer for Relief and Demand for Jury:

YVFWC denies that Plaintiff is entitled to certification of any class, declaratory judgement, damages of any kind, injunctive relief of any kind, or any of the other relief Plaintiff purports to seek and accordingly, YVFWC denies the factual allegations contained in Plaintiff's Prayer for Relief. YVFWC admits that Plaintiff "demands a trial by jury of any and all triable issues."

Without assuming any burden of proof that it would not otherwise bear, YVFWC also asserts the following additional affirmative defenses:

### **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

Plaintiffs' claims against YVFWC fail to state ultimate facts on which a claim for relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**Laches/Waiver/Estoppel**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

**THIRD AFFIRMATIVE DEFENSE**

**Plain Language**

By the plain language of 47 USC § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a), Defendant YVFWC did not make any call, other than for emergency purposes or to deliver a health care message on behalf of a covered entity, using any automatic telephone dialing system or an artificial or prerecorded voice.

**FOURTH AFFIRMATIVE DEFENSE**

**Failure to State a Claim for Certification of a Class**

Plaintiff's class action allegations are vague, overbroad, and otherwise fail to state a claim for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**FIFTH AFFIRMATIVE DEFENSE**

**Reservation of Rights**

YVFWC reserves the right to amend, supplement, and/or modify its Affirmative Defenses, including but not limited to the right to assert additional defenses, counterclaims, and/or crossclaims that discovery or other investigation might reveal to be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, having Answered Plaintiff's Class Action Complaint, YVFWC prays for judgment as follows:

a. Awarding YVFWC judgment in their favor and against Plaintiff and for dismissal of Plaintiff's claims with prejudice;

b. For YVFWC's costs and disbursements incurred herein and such other relief as the Court may deem just and equitable.

Dated: March 2, 2026.

LARKINS VACURA KAYSER LLP

**s/John C. Rake**
John C. Rake, WSB #48910
jrake@lvklaw.com
121 SW Morrison St., Suite 700
Portland, OR 97204
Telephone: (503) 222-4424

Attorney for Defendant