**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON**
**AT YAKIMA**

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YAKIMA VALLEY FARM WORKERS CLINIC,<br><br>Defendant. | Case No.  1:26-cv-03003-SAB<br><br>Honorable Chief Judge Stanley A. Bastian<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN<br><br>Date: April 9, 2026<br>Time: 9:30 am<br>Location: via Zoom |

Plaintiff  Chet Michael Wilson  and  Defendant Yakima Valley Farm Workers Clinic  ("Defendant") (collectively with Plaintiff, the "Parties"), by and through counsel, certify that they have conferred pursuant to Federal Rule of Civil Procedure 26(f) and in accordance with this court's March 9, 2026 order (ECF No. 9) submit the following Joint Report and Discovery Plan reflecting the result of that conference and their respective positions with respect to the items below.

**1.    Status of Service;**

Defendant was served on January 9, 2026. ECF No. 3. Defendant filed an answer on March 3, 2026. ECF No. 8.

**2.    Jurisdiction, Venue, and Standing;**

The Parties agree that jurisdiction, venue, and standing are proper. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and a substantial portion of the events giving rise to the claims occurred in this District. Plaintiff alleges that he received the subject calls and therefore has standing to pursue his claims.

**3.    Magistrate Judge Consent;**

The Parties do not consent to a magistrate.

**4.    Nature of Claims (Brief Summary);**

This is a putative class action under the TCPA. Plaintiff alleges that Defendant placed non-emergency calls to cellular telephone numbers using an artificial or prerecorded voice without prior express consent, including calls to wrong or reassigned numbers. Defendant disputes any characterization of the calls being made as telemarketing and contends that the calls were health care prescription notifications, not advertising or solicitation. Plaintiff seeks statutory

damages, treble damages for willful violations, injunctive relief, and other appropriate relief on behalf of himself and a nationwide class.

**5.      Trial Date and Length;**

The Parties agree that a trial date be set after the Court resolves Plaintiff's motion for class certification. If the case proceeds to trial on a classwide basis, the Parties estimate the trial will last approximately five to seven days. If the case proceeds on an individual basis, the Parties estimate the trial will last approximately one to two days. At the time of resolving class certification issues, the Parties may be able to provide a more definitive estimate.

**6.      Anticipated Motions;**

Plaintiff anticipates filing a motion for class certification. Defendant anticipates moving for summary judgment on the issue that the alleged phone calls qualify for health care prescription notifications exempt from 47 USC § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a).

**7.      Rule 26(a)(1) Disclosures;**

The Parties have not yet exchanged Initial Disclosures. The Parties will exchange initial disclosures by April 9, 2026.

**8.      Rule 26(f) Discovery Plan and E-Discovery;**

**A.      Rule 26(a) Disclosures**

Initial disclosures will be exchanged by April 9, 2026.

*Wilson v. Yakima Valley Farm Workers Clinic*
JOINT STATUS REPORT AND DISCOVERY PLAN
- Page 3 -

**B.    Scope and Timing of Discovery**

Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendants; (3) ESI related to any purported consent to receive telemarketing complaints received; (4) Defendants' policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendants and their responses thereto.

Defendant contends that the calls at issue were health care prescription notification calls placed in connection with the provision of medical services and were not telemarketing, advertising, or solicitation calls. Defendant further contends that such calls fall within statutory and regulatory exemptions under the TCPA and denies liability on that and other grounds. Consistent with the pleadings and the proportionality requirements of Rule 26(b)(1), Defendant states that initial discovery should be narrowly focused on matters relevant to the specific calls alleged by Plaintiff and Defendant's defenses, including: (1) the calls allegedly placed to Plaintiff's telephone number; (2) the technology used to place those calls; (3) records sufficient to evaluate whether the calls constituted health care prescription notifications; (4) records bearing on Plaintiff's standing and "wrong or reassigned number" allegations; and (5) Defendant's policies and procedures governing the

placement of prescription notification calls. Defendant does not agree that discovery into telemarketing practices, telemarketing leads, telemarketing vendors, advertising campaigns, or telemarketing complaints is relevant or proportional, as Plaintiff does not allege that the calls at issue were telemarketing calls and Defendant denies that characterization. Further, Defendant reserves all rights to object to third-party discovery that is not proportional to the needs of the case or that seeks information unrelated to the specific calls or practices alleged in the Complaint.

The Parties do not presently agree to formal phased discovery.[1] However, Defendant reserves the right to seek reasonable limits on the scope or sequencing of discovery, including phased discovery, to address threshold issues such as the applicability of statutory exemptions, standing, and Plaintiff's "wrong number" allegations before engaging in broader or class-wide discovery.

---

[1] Plaintiff does not believe bifurcation or phased proceedings would promote efficiency in this case. The discovery relevant to Plaintiff's individual claims and the putative class claims substantially overlaps, including evidence concerning Defendant's calling practices, use of prerecorded voice technology, consent records, vendor relationships, and TCPA compliance policies. Because the same documents, witnesses, and systems bear on both liability and class certification, any attempt to divide discovery or trial into phases would be artificial and unworkable.

Bifurcation would also lead to significant duplication of effort. The parties would be required to conduct an initial round of "individual" discovery—serving written discovery, reviewing documents, and taking depositions—only to repeat that same work in a second phase directed to class issues. This would likely require re-deposing the same witnesses, re-reviewing the same categories of documents, and re-litigating overlapping issues, increasing costs and delaying resolution rather than streamlining the case.

In addition, because the line between "individual" and "class" discovery is not clearly defined, bifurcation would invite ongoing disputes regarding the proper scope of discovery, requiring Court intervention and further undermining efficiency. The better course is to proceed with unified discovery addressing both merits and class issues together, which will avoid duplication, minimize disputes, and promote the efficient resolution of this action.

*Wilson v. Yakima Valley Farm Workers Clinic*
JOINT STATUS REPORT AND DISCOVERY PLAN
- Page 5 -

## C.    ESI Issues

None at this time. The Parties will continue to meet and confer regarding the protocol to be applied, and will submit an ESI protocol if necessary.

## D.    Privilege Issues

The Parties anticipate no unusually complex privilege issues. The Parties will make claims of privilege or of protection of trial preparation materials at the time of production, which will be accompanied by a privilege log. The Parties agree to comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information. The Parties will continue to meet and confer regarding the protocol to be applied, and will submit a proposed protective order if necessary.

## E.    Discovery Limitations

None.

## F.    Other Orders

None.

## 9.    Class Certification and Proposed Deadline;

Plaintiff alleges class claims under Federal Rule of Civil Procedure 23. Plaintiff anticipates filing a motion for class certification after sufficient discovery has been conducted. Plaintiff proposes that the deadline for filing a motion for class certification be December 9, 2026. Defendant denies that class treatment is appropriate.

**10.    Minor or Incompetent Party / Guardian ad Litem;**

This case does not involve a beneficial interest claim of a minor or incompetent that requires appointment of a Guardian ad litem

**11.    Special Procedures (e.g., Consolidation, Arbitration, MDL, Complex);**

The Parties are not aware of any basis for consolidation with other actions, referral to arbitration, or transfer to the Judicial Panel on Multidistrict Litigation. The Parties will notify the Court if circumstances change. However, because this is a putative class action, the Parties believe that the procedures outlined in the Manual for Complex Litigation may serve as a useful guide for case management, although the Parties do not believe any strict deviation from the Federal Rules of Civil Procedure is necessary at this time.

**12.    Modification of Standard Procedures;**

Other than the recommended schedule requested above and request to not set a trial date until the certification motion has been concluded, the Parties do not anticipate any additional modification of procedures.

**13.    Bifurcation at Trial;**

No bifurcation or structuring sequence of trial is anticipated at this time.

**14.    Settlement or Alternative Dispute Resolution;**

The Parties/ believe settlement discussions may be productive after the exchange of initial discovery and will participate in settlement discussions or private mediation if appropriate.

**15.    Certification to State Supreme Court; and**

The Parties have not identified any ripe issues to be certified to the Washington State Supreme Court at this time.

**16.    Other Matters for Efficient Case Resolution.**

The Parties do not have additional matters to raise at this time.

*[Counsel signatures to follow on next page.]*

Date: March 31, 2026

/s/ Samuel J. Strauss
Samuel J Strauss, WSBA No. #46971
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave, Ste 1610
Chicago, IL 60611
(T) 872-263-1100
(F) 872-263-1109
sam@straussborrelli.com

Anthony Paronich (*pro hac vice*)
**PARONICH LAW PC**
350 Lincoln St, Ste 2400
Hingham, MA 02043
(T) 617-485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff
and the Putative Class*

Date: March 31, 2026

/s/ Elizabeth E Parker
Elizabeth E. Parker
John C Rake
**LARKINS VACURA KAYSER LLP**
121 SW Morrison Street, Suite 700
Portland, OR 97204
(T) 503-222-4424
eparker@lvklaw.com
jrake@lvklaw.com

*Counsel for Defendant
Yakima Valley Farm Workers Clinic*